28 F.3d 111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John WITHEROW, Plaintiff-Appellant,
v.
Lawrence RODRIGUEZ; John Tilford, Defendants-Appellees.
 No. 93-16820.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 20, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Witherow, a Nevada state prisoner, appeals pro se the district's summary judgment in favor of defendant prison employees in his 42 U.S.C. Sec. 1983 action. Witherow contends defendants filed disciplinary reports against him in retaliation for the exercise of his first amendment rights when he filed, and assisted others to file, civil rights actions against prison officials. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, no genuine issue of material fact remains for trial and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); White v. Roper, 901 F.2d 1501, 1503 (9th Cir.1990).
 
 
 4
 A prisoner claiming retaliation against the exercise of his first amendment rights for bringing and assisting in civil rights litigation must establish more than retaliation; he must also establish that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not narrowly tailored to achieve such goals. Rizzo v. Dawson, 778 F.2d 527, 532 & n. 4 (9th Cir.1985).
 
 
 5
 Witherow admits he was guilty of every action for which a disciplinary report was filed by these defendants but contends the prison rules were enforced against him, solely because he had filed and assisted others to file civil rights actions against prison officials. Prison officials may file disciplinary reports against a prisoner who violates prison rules even though that prisoner has filed, or assisted others to file, civil rights actions against them. See id. Witherow has failed to establish that the disciplinary reports filed against him did not advance, nor were not sufficiently narrowly tailored to achieve, the correctional institution's legitimate goal that Witherow follow prison rules and regulations. Consequently, summary judgment was proper as a matter of law. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3